IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN FAWLEY, #320139           *
    Plaintiff,
  v.                           *   CIVIL ACTION NO. AW-13-1084

INMATE GRIEVANCE OFFICE        *
    Defendant.
                                 ***

**MEMORANDUM**

Plaintiff is a Maryland Division of Correction ("DOC") inmate housed at the Eastern Correctional Institution ("ECI"). On April 11, 2013, the court received for filing this self-represented 42 U.S.C. § 1983 civil rights action, in which he complains that the Maryland administrative remedy procedure ("ARP") process does not work. Plaintiff states that he submitted an administrative remedy form, an informal inmate grievance form, and a § 1983 complaint form regarding the taking of his book and his grievance has not yet been remedied. (ECF No. 1). He also seemingly claims that his television is missing. (*Id.*). Plaintiff asks to be provided a replacement book or $25.00 in compensation. Because he appears indigent, Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall be granted. His Complaint shall, however, be summarily dismissed.[1]

---

[1] Plaintiff names the Inmate Grievance Office ("Office") as the sole Defendant. Defendant is an Office of the Maryland Department of Public Safety and Correctional Services, a principle department of the State government. *See* Md. Code. Ann., Corr. Servs., Art., §§ 2-101 & 10-202. Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, state agencies are immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000).

Whether or not Plaintiff's ARPs have been processed or investigated properly or have been wrongfully dismissed, under the law in this circuit, the Constitution creates no entitlement to grievance procedures or access to such procedures voluntarily established by a state.[2]  *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).   Therefore, plaintiff's issue with the manner in which his grievances were handled and with the decision-making process associated with his ARPs simply does not implicate a constitutional claim.[3]  Further,  to the extent that Plaintiff is claiming that his property was destroyed or lost, no constitutional claim has been stated.  In the case of lost or stolen property, sufficient due process is afforded an inmate if he has access to an adequate post-deprivation remedy.  *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986).  The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post-deprivation remedy.  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[4]

Because Fawley's prisoner civil rights case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[5]

---

[2]  To the extent that Plaintiff wishes to raise a challenge to the unauthorized taking or loss of his property, he may file the appropriate post-deprivation remedies by means of Maryland administrative and/or court procedures.

[3]  It is arguable that if certain acts or omissions relating to the processing of inmate grievances interfere with an inmate's constitutional right to access the courts, a colorable claim may be stated.  *See Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir. 1995). Plaintiff has failed to show that Defendant's alleged mishandling of his ARPs impeded his access to the courts.

[4]  Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post-deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing Plaintiff's due process claims.

[5]  28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[6] This constitutes the second § 1915(e) strike to be assessed against Plaintiff.[7]  A separate order follows.

Date:  April 17, 2013.

                                        /s/
                                Alexander Williams Jr.
                                United States District Judge

---

    (A)  the allegation of poverty is untrue; or
    (B)  the action or appeal--
    (i)  is frivolous or malicious;
    (ii)  fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

[6]  28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.

[7]  A previous cause of action filed by Plaintiff was dismissed under § 1915(e). *See Fawley v. Warden*, Civil Action No. AW-12-692 (D. Md. 2012).